

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-29-2008

# Ni v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1107

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Ni v. Atty Gen USA" (2008). 2008 Decisions. Paper 473.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/473

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 07-1107
_____

YAN YING NI,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

Petition for Review of an Order of the Board of Immigration Appeals
Agency No. A77-282-988

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 28, 2008

Before: McKEE , RENDELL, and TASHIMA,* *Circuit Judges*

(Filed: September 29, 2008)

OPINION OF THE COURT

---

* The Honorable A. Wallace Tashima, Senior Circuit Judge of the United States Court of Appeals for the Ninth Circuit, sitting by designation.

McKee, *Circuit Judge*.

Petitioner Yan Ying Ni seeks review of a final order of the Board of Immigration Appeals affirming the decision of an Immigration Judge denying her application for asylum, withholding of removal and protection under the Convention Against Torture. We have jurisdiction under 8 U.S.C. § 1252. For the following reasons, we will deny the petition.

Inasmuch as we write primarily for the parties who are familiar with this case, we need not state the procedural or factual background.

Petitioner argues that the IJ's adverse credibility finding was not supported by substantial evidence in the record. *See Gao v. Ashcroft*, 299 F.3d 266, 272 (3d Cir. 2002) ("[A]dverse credibility determinations are reviewed for substantial evidence.") (citation omitted). However, we need not resolve her challenge to the adverse credibility ruling because the record supports the alternative holding of the IJ and the Board. Accordingly, even if we accept all of Petitioner's testimony, she would still not qualify for asylum, withholding of removal, or withholding under the CAT.[1]

---

[1] Were it necessary to review the credibility determination, we would have concerns about the IJ's reliance on discrepancies between her airport interview, her credible fear interviews, her supporting affidavit and her hearing testimony. Petitioner testified that on at least one occasion the interpreter spoke Mandarin Chinese. She explained that, although she understands Mandarin, she does not speak it well. Some of the discrepancies the IJ relied upon in rejecting her testimony may well have resulted from problems with the translation, and we are not at all satisfied that the IJ considered that possibility before relying upon apparent inconsistencies to reject Petitioner's testimony.

2

The Attorney General may grant asylum to aliens who are "refugees" within the meaning of 8 U.S.C. § 1101(a)(42). *See* 8 U.S.C. § 1158(b)(1). Generally, a refugee is someone who demonstrates an inability or unwillingness to return to their prior country of residence "because of persecution or a well-founded fear of persecution" on account of one of five protected grounds: race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. § 1101(a)(42)(A). Past persecution requires proof of "(1) one or more incidents rising to the level of persecution; (2) that is 'on account of' one of the statutorily-protected grounds; and (3) is committed either by the government or by forces that the government is either unable or unwilling to control." *Mulanga v. Ashcroft*, 349 F.3d 123, 132 (3d Cir. 2003). We have explained that "persecution is an extreme concept that does not include every sort of treatment our society regards as offensive." *Fatin v. INS*, 12 F.3d 1233, 1243 (3d Cir.1993). It encompasses only grave harms such as "threats to life, confinement, torture, and economic restrictions so severe that they constitute a threat to life or freedom." *Id.* at 1240. A showing of past persecution gives rise to a rebuttable presumption of a well-founded fear of future persecution. *See* 8 C.F.R. § 1208.13(b)(1)(i).

Petitioner's past persecution claim centers on an incident involving thugs who broke into the home where she lived with her parents. Accepting her testimony that the thugs kicked and beat her, there is nothing to suggest that it was on account of any statutory ground that could establish she is a refugee. Rather, she concedes that the

incident was retaliation against her father by his boss because he told the town authorities that his boss was corrupt. Petitioner herself was never arrested or mistreated for her religious beliefs, and she has not established a well-founded fear that such persecution would occur if she returns to China. Petitioner could theoretically have a claim for asylum arising from the fact that her parents have been detained for twenty-four hours for promoting Christianity. *See Singh v. Gonzales*, 406 F.3d 191 (3d Cir. 2005). However, this record does not support a finding that her parent's religious beliefs were imputed to her or that the abuse her parents had to suffer rose to the level required for a finding of persecution. *See Fatin*, *supra*. Moreover, even if we accept her testimony about what happened to her parents as evidence of a well-founded fear of persecution based upon the possibility that their religious beliefs would be imputed to her, Petitioner has not established that it would be impractical to return to another section of her country. *See Leia v. Ashcroft*, 393 F.3d 427, 437 (3d Cir. 2005). Accordingly, she has not established a claim for asylum or withholding of removal.

The government argues that Petitioner's CAT claim is waived because it was not appealed to the BIA. Her brief to the Board does state that she is appealing the denial of "asylum, restriction of removal and relief under the United Nations Convention Against Torture." A.R. 8. The body of the brief, however, addresses only the adverse credibility finding and the "well-founded fear" standard for asylum. Moreover, the issue is

irrelevant as the record falls woefully short of establishing that she has been tortured in the past or is likely to be tortured if she returns to China.

Accordingly, this petition for review will be denied.